Caldwell, J.
The plaintiff in error was indicted for selling liquor without a license, tried and convicted. On the trial a bill of exceptions was taken to the ruling of the court, on which a single question is presented. After the state had rested, the defendant called J. M. Teris as a witness, who testified that he was acquainted with the prosecuting witness, Reuben Lamphier, and that he had the means of knowing his character for truth and veracity. Defendant then asked said witness what the character of said Lamphier was for truth and veracity, to which question the prosecuting attorney objected, and the objection was sustained by the court. The court decided that the question should be as to the general reputation of the said witness, Reuben Lamphier, for truth and veracity, which question was then asked by defendant.It is contended that the court erred in overruling the question as above stated.
In 1 Phillips’ Evidence, 291, the rule is laid down thus;
“ The party against whom a witness is called may disprove the facts stated by him, or may examine other witnesses as to his general character.”
The author then quotes the language of Chief Justice Buller:
“ That to impeach the credit of a witness, you can only examine as to his general character, and not to particular facts. And the *20 reason given is, that every man is supposed to be capable of supporting his general character; but is not to be supposed capable of supporting his character as to particular facts.” It is stated that the regular mode of inquiring into general character, is to inquire of the witness whether he has the means of knowing the former witness’ general character; and if so, what it is. In the case of Kimmel v. Kimmel, 3 Serg. & Rawle, 337, Justice Gibson says: “The witness is to give, not his own judgment of the matter, but the aggregate result *of at least a majority of the voices he has heard; or, in other words, ho must state what the common report is among those who have the best opportunity of judging of the habits and integrity of the person whose character is under consideration.” The judge further remarks: “The reputation of the neighborhood is the only thing that is competent.”
In 1 Starkie’s Evidence, 147, in a note, the rule is laid down as follows: “A witness called to impeach or support the general character (reputation) of another, is not to sjicak of his private opinion, or of particular facts in his own knowledge; but he must speak of the common reputation among his neighbors and acquaintances. The only proper questions to bo put to him, are, whether he knows the general character (reputation) of the witness intended to bo impeached in point of truth, among his neighbors, and what that character (reputation) is—whether good or bad?”
In 1 Greenleaf’s Evidence, 539, the author says: “But in impeaching the credit of a witness, the examination must be confined to his general reputation, and not be permitted as to particular facts. The regular mode of examining into the general reputation, is to inquire of the witness whether he knows the general reputation of the porson in question among his neighbors; and what that reputation is.”
There is one thing to be observed in reference to the terms character and reputation: that, although differing widely in signification, when strictly used, yet when-used in this connection, both by authors and courts, they are generally used as synonymous terms ; the term general character being used to signify what would perhaps be more definitely expressed by general reputation. The term “ character,” when more strictly applied, refers to the inherent qualities of the person, rather than to any opinion *21 that may be formed or expressed of him by others. The term “reputation ” applies to the opinion which others may have formed and expressed of his character ; so that, as has been remarked-in some of the books, when treating on this subject, a man’s character may really be good, when *his reputation is bad, and, on the other hand, his reputation may be good, when his character is bad. But, as we have before intimated, the terms, when used in connection with this subject, are generally used in contradiction to this distinction; the term “general character” beingused in legal signification, as it is frequently used in common parlance, to express the opinion that has generally obtained of a person’s character—the estimate community generally has formed of it. When you ask. a witness, then, in this sense of the term, what a man’s general character is for truth and veracity, he is called on to answer as to what opinion is generally entertained and expressed of him, by those acquainted with him. When, on the other hand, you ask a witness what is the character of a person for truth and veracity, without the qualifying term, you ask him to state what is his own opinion of the character of the party, rather than the general opinion of community. The current of authorities is very strongly in favor of the rule, that it is the general opinion of the party’s character, and not the individual opinion of the witness called for the purpose of impeaching, that is competent to be given in evidence. The reason given in most of the books for the rule, that you can not impeach the character of a witness by the proof of specific facts, is, that whilst every man, in contemplation of law, is supposed to be always ready to defend his general character, he is not presumed to be ready, without notice, to defend his character against specific charges. The same objection would exist to permitting an impeaching witness to give his individual opinion of the character of the witness that he may be called on to impeach. A person can no more be presumed to be able, without notice, to disprove the opinion which individuals may have formed of his character, than he could be to disprove specific facts.
As to the charge of general bad reputation, if untrue, every person in the neighborhood can give specific evidence rebutting it. If not able to state affirmatively, that the person is well spoken of in the neighborhood, the witness can state that he knows of no such general bad reputation; which goes *directly *22 to rebut the allegation of its existence. In the case now before us, the question was not put as to the general character or reputation of the witness sought to be impeached; and in this we think it was objectionable, and that the court did Dot err in ruling it out.
The case of Wilson v. Runyan, Wright, 653, and also Seely v. Blair, Ib. 683, are relied on by plaintiff in error. In both those cases the reasoning is predicated on the theory that the impeaching witness may state the character of the person sought to be impeached from his own knowledge, without reference to the reputation such person may have acquired in community. We think, however, these cases are contrary to the current of authority.
Another question was suggested in argument, which does not arise in this case, but which-is certainly one of some importance; and that is, whether the question should be limited to general character for truth and veracity, or whether it should not be permitted to general character without such limitations. There are some very strong reasons in favor of the latter rule; but as that question does not now present itself for our decision, we do not feel'authorized to go into a discussion of it.
The judgment of the common pleas is affirmed.