White, C. J.
The present case was argued in connection with that of The State, ex rel. the Attorney-General, v. Simon S. Davis et al., and which has already been decided and reported (see ante, p. 434).
In the case last named it was held, that the act of March 11, 1861, entitled “an act regulating the Commercial Hospital of Cincinnati,” was a valid enactment, and that it is still in force; and that by it the authority of governing the hospital in question is vested in the board of trustees therein provided for.
The present case brings in question for determination the rightfuluess of the authority exercised by the city of Cincinnati in the government of the hospital; and as we regard the information, the determination of no other question is involved in the case.
The substance of the charge contained in the information, as we understand it, is that the city of Cincinnati, acting through the persons named, who are described as claiming to be the board of trustees of the Cincinnati Hospital of the said city, has used, and continues to use, without lawful warrant, grant, or charter, the liberties, privileges, and franchises set forth in the information. These liberties, privileges, and franchises, it is averred, the said city of Cincinnati, acting through the persons named, has usurped, and still doth usurp.
The several persons named, as well as the city, are made defendants, and are called on to answer by what warrant they claim to use and enjoy, the liberties, privileges, and franchises specified in the information; and it is to be observed that the defendants other than the city are not charged with usurping authority in their own right, or with assuming authority which they claim to exercise as trustees, independent of the authority of the city: consequently they are not required, in this case, to show their warrant for the exercise of any such independent authority. The scope of *465 the charge in the information is, that the city is guilty of usurping the liberties, privileges, and franchises specified,, and that the other defendants are acting under and in obedience to such usurped authority.
In proceedings by information in the nature of quo warranto, the range of inquiry is limited to the charges in the-information ; and matter set up by way of plea is only material in so far as it shows warrant in law for the exercise of the authority alleged in the information to be usurped.
In this case the defendants have filed a joint plea. This plea, in the first place, sets up the same matters that were contained in the plea in the case of The State, ex rel., etc. v. Davis et al., already referred to; and avers, in substance, as-was averred in that case, that the defendants herein, other than the city of Cincinnati, are the duly constituted hoard of trustees of said hospital under the act of March 11, 1861, and, as such, are entitled to have the exclusive management thereof, and are invested with the power to make all rules and regulations for the government of the same.
The plea also sets up, that by the third section of the act of February 29, 1864, entitled “ an act to amend an act regulating the Commercial Hospital of Cincinnati,” it is enacted that the said board of trustees shall adopt rules and regulations for the government of said institution, and for the admission of patientsand the discharge of convalescents from said hospital and pest-house, and that said rules and regulations shall be submitted to the city council for their approval, and when so approved, shall have full force in law as other ordinances of the city.
That the board of trustees adopted rules and regulations-for the government of the hospital, which, it is averred, were duly approved by the city council of the city of Cincinnati, and that among the rules and regulations so adopted and approved are those set out in the plea. Under these rules and regulations the defendants claim to justify the acts charged against them in the information.
The alleged right of the city of Cincinnati to exercise *466 any authority in the government of the hospital, is founded on the act last named, of February 29, 1864. 61 Ohio L. 142. This is a special act, amendatory of section 4 of the act of March 11, 1861, regulating the Commercial Hospital of Cincinnati. 58 Ohio L. 151. By the third section of the act, last referred to, of 1861, the trustees were invested with full power to make rules and regulations for the conduct and government of the hospital. The amendatory act of 1864 requires the rules and regulations adopted to be submitted to the city council of Cincinnati for their approval, and declares that when they are approved by that body, they shall have full force in law, as other ordinances of the .city.
If this act were constitutional, its clear effect would be to put the rules and regulations for the government of the hospital under the legislative control of the city council of Cincinnati. True, the rules and regulations are required to originate with the trustees, but they can have no binding force until passed on and approved by the council. Until then, they are in the nature of propositions from the trustees, to which the approval of the council alone can give the force of law. When so approved, they are declared to have the same force as other ordinances of the city.
But it seems clear to us that the act in question assumes to confer corporate power on the city council of Cincinnati. The legislative power of the city in its corporate capacity is vested in the council. The power here attempted to be conferred, is not vested in the members of the council as individuals, but is sought to be vested in the council in its legislative and corporate capacity. The act, therefore, in our judgment, is in conflict with section 1, article 13, of the constitution, and confers no power on the city council. That no distinction can be made, under this section of the constitution, between private and municipal corporations has already been determined by this court in the case of The State, ex rel., etc. v. The City of Cincinnati, 20 Ohio St. 18.
Nor does it make any difference, within the meaning of Ihe constitutional inhibition, whether the effect of the *467 special act is-to confer additional corporate power on an existing corporation or to create a new one. The power is explicitly denied to the legislature of accomplishing such a result by special act.
It may be proper for me here to say, that while I did not concur in the judgment in the case last cited, yet the ground of my non-concurrence, which is not stated in the report, was not that municipal corporations were excepted from the operation of the clause of the constitution in question.
The object’ of the statute in that case was to enlarge and define the territorial limits of the city. It seemed to me that such a statute might be regarded simply as an act of' local legislation, like adding new territory to a county or other subdivision of the state for the purposes of local government. And that while the added territory would thus be subjected to a different local government, yet it would be to a government that was already existing, with adequate powers for the purpose. I was, therefore, inclined to the opinion that the statute in that case ought not to be regarded as an act conferring corporate power. But the opinion and judgment of the court were otherwise.
It follows from the foregoing views that the city of Cincinnati is invested with no power in relation to the government of the hospital. That power is in the board of trustees, under the act of March 11, 1861, acting as an independent body. Whether the trustees, in the government of the hospital, have exceeded their powers, and if so, to what extent, are questions not before us, in this case, for determination.
The demurrer to the plea will be sustained, and judgment entered accordingly.