THE STATE v. ARTHUR.

1. **Jury:** WHEN LISTS WERE DESTROYED. When the lists of jurors had been destroyed by fire, it was competent for the District Court to cause a precept to be issued to the sheriff, directing him to summon a new panel from the body of the county. (Rev., § 2738.)

2. ——: ——: HOW TO BE SUMMONED. The precept thus issued may be served by the deputy sheriff or a special constable appointed for the purpose.

3. ——: ——: BODY OF THE COUNTY. When, in such case, twenty-four jurors were selected from ten of the twenty townships of the county, it was *held* to be a sufficient compliance with Section 2738, of the Revision, requiring their selection from the body of the county.

*Appeal from Fayette District Court.*

THURSDAY, OCTOBER 23.

INDICTMENT for burglary; jury trial, resulting in a verdict of guilty, upon which the defendant was sentenced to the penitentiary for ten years. Defendant appeals.

*M. E. Cutts, Attorney General,* for the State.

*Charles Mackenzie,* for appellant.

Miller, Ch. J. The indictment was presented on the 4th day of December, 1872. At the same term of the court, and two days prior to the filing of the indictment, the court made the following order: "Now, to-wit: December 2d, 1872, it being the first day of December term of the District Court of Fayette county, it appearing that the jury lists and the lists of jurors, returned by the townships for the year 1872, were destroyed by fire, and no trial jury having been summoned for this term, it is ordered that a venire issue to the sheriff of said county, to summon twenty-four jurors for this term, returnable December 3d, at 10 o'clock A. M., to be summoned from the body of the county."

The defendant was arraigned and pleaded not guilty; and, on the eighth day of the term, when the case was called for trial and twelve jurors called into the box, the defendant interposed a challenge to the panel of the jury, because they were not selected, drawn or summoned as required by law. The challenge was overruled, the jury impaneled and the trial had, resulting in the conviction of the appellant.

The first question presented in the record is as to the legality of the order made by the court for the summoning twenty-four jurors for the term, or, in other words, did the law authorize the court to obtain jurors in that manner under the circumstances stated in the order?

Section 2738 of the Revision provided as follows: "Where, from any cause, the persons summoned to serve as grand jurors, or petit jurors, fail to appear, or where, from any cause, the court shall decide that the grand or petit jurors have been illegally elected, or drawn, the court may set aside the precept under which the jurors were summoned, and cause a precept to be issued to the sheriff, commanding him to summon a sufficient number of persons from the body of the county to serve as jurors at the term of court then being holden, which precept may be made returnable forthwith, or at some subsequent day in the term, at the discretion of the court."

This section of the statute authorized the court to make the order in question. True, the court had not decided that the petit jurors for the term had been illegally elected or drawn,

but it did decide that they had not been drawn at all, because of the fact that the lists had been burned. The power conferred in the statute to set aside the precept and order the issuance of another to the sheriff, commanding him to summon jurors, when the drawing has been illegal, will also authorize such order when there has been no drawing. The statute authorizes the court to treat an illegal drawing as invalid, void, no drawing at all. It is no drawing in law, or the court may so adjudge it, when it is illegal, and thereupon the power is conferred upon the court to obtain jurors in the manner specified in this section of the statute. The object and purpose of the statute was to enable the court to keep the wheels of justice moving, notwithstanding a failure of the proper officers to supply it with a jury panel in the manner prescribed by the law. It was intended that the failure to furnish the court with a legal jury for the term should not stop the business of the court, but that it should have the power to procure jurors under its own order, and by means of its own officers.

*1. JURY: when lists were destroyed.*

II. It is shown that some of the jurors of the panel were summoned by the regularly appointed deputy sheriff, and others by the special constables appointed by the sheriff to assist him during that term of court. It also appears that there are twenty townships in the county, and that the jurors were summoned from ten which were the most densely populated townships.

*2. ——: ——: how summoned.*

The deputy sheriffs and the special constables appointed by the sheriff under section 387 of the Revision, were authorized to summon the jurors ordered. The duty of summoning jurors is devolved by the law on the sheriff. Rev., § 2734. The deputy acts in place of the sheriff, and the special constables are to assist the sheriff in the discharge of his duties at and during the sessions of the court, which includes the service of process issued during the session in the transaction of the business of the court. Rev., §§ 383, 386, 387.

III. It was not necessary that jurors should have been summoned from every township in the county, in order to comply with the statute requiring jurors to be summoned

from the "body of the county." This language means, as

**3. ——: ——:**
**body of the**
**county.**

here used, "from the county at large," "from the people of the county at large," competent to act as jurors. The officer, in summoning the jurors, was not required to go into every township. If he had been commanded to summon only fifteen jurors, as he might have been under the law, (Rev., § 2732) it would have been impossible to have taken them from each township in the county, there being twenty townships. Having summoned the jurors from the people of the county at large, and taken them from as many of the townships as was reasonably practicable within the time limited for him to do so, there was a substantial compliance with the law.

We find no error in the record, and the judgment of the District Court must, therefore, be

AFFIRMED.