Wright, J.
The Pennsylvania and Ohio Canal Company, by its charter of 1827, was authorized to locate and construct a canal, a portion of which ran through Portage county. Thus located and constructed, the canal crossed a number of state and county roads, already opened, established, and used, over which, therefore, bridges became a necessity. By section 10 of the canal charter, it was the duty of the company to build such bridges and keep them in repair. This it had done. The bridges had been constructed and kept in repair until the abandonment, hereinafter mentioned.
By an act of the legislature, passed March 20, 1867 (64 Ohio L. 285), the canal company was authorized to abaudon a portion of its canal, including the portion in Portage county, over which ran the bridges referred to. The canal company did so abandon, and thereafter neglected and refused to keep in repair these bridges. Thereupon the county commissioners tore down and removed the same; filled up the canal where thus crossed by the highways with earth — in some places entirely, in some places by making culverts for the water in the canal bed to pass through; and for the expense of this work the county commissioners bring this suit.
The Court of Common Pleas rendered judgment for the commissioners. A petition in error was filed in the District Court, and the cause reserved for decision in the Supreme Court.
From this statement it will be seen that up to the time of the abandonment it was the duty of the canal company to keep the bridges in repair, and the question to be decided is, were they so bound after the abandonment ? The commissioners claim they were. The canal company say they were not. The commissioners insist that the canal *20 company had no power to abandon, except by virtue of the act of March 20, 1867. That this was a special act conferring corporate powers, and therefore void. Const. Ohio, sec. 1, art. 13. “ The general assembly shall pass no special act conferring corporate powers.” Atkinson v. M. & C. R. R., 15 Ohio St. 21; The State, etc. v. The City of Cincinnati, 20 Ohio St. 18.
If-this act does in fact confer “corporate powers,” or any additional corporate power, it is clearly in conflict with the constitution, and must be declared void. And if there be no right in the company to abandon, other than that given by this law, if it be void, the obligation to repair still continues.
That a canal company or other corporation can abandon its franchises, works, and property of every description, will not perhaps be disputed. It is not so much a question of power as of simple fact. If the works are disused, if, no directors are elected, and no sign of corporate existence given for a long series of years, no one would doubt but that an abandonment had taken place. But while this is true of what may be termed an entire abandonment, whether the company can abandon a portion of its works and retain -the rest, is another question.
Without the act of March 20, 1867, had the Pennsylvania and Ohio Canal Company undertaken to abandon this pax’t of their line, they might have been subjected to grave penalties and forfeitures. Had they sought to abandon one-half, they might have been liable to a forfeiture of the whole. Their corporate franchises might have been entirely taken from them. They might have had the right so to abandon a portion, but had they undertaken it, they would certainly have been compelled to suffer whatever penalties the law might inflict. Recent events have perhaps enabled the canal company to ascertain the correctness of this statement. In The State v. P. & O. Canal Co., 23 Ohio St. 121, the Supreme Court of this state, upon proceedings in the nature of quo loarranto, ousted this same company from all its corporate franchises, because it had *21 neglected to keep in repair a portion of the canal still remaining. And this, although it was claimed that so much as was kept in order could not be taken away.
Without the act of March 20, 1867, therefore, the canal company might have abandoned a portion of their canal, but had they done so, they would have subjected themselves to penalties. It is the object of this act to relieve from these penalties, not to confer the power to abandon. That already existed.
Or the proposition may be stated in another way. The object of the constitutional inhibition is to prevent the granting or enlarging of corporate powers by special legislation, but we nowhere find in the constitution that the curtailing or restricting these powers is an evil. Giving the right to abandon is simply permissive ; allowing a corporation to surrender some of its rights, privileges, or property. And this has never been supposed to be inimical to public or private rights.
We are of opinion, therefore, that the act of March 20, 1867, in so far as it relates to this particular question, confers no corporate power, and is therefore not' in conflict with the constitution.
II. Another question remains. The act of March 20,1867, contains this proviso: “Provided that such abandonment shall not be construed to release the said Pennsylvania and Ohio Canal Company from any liability or contract incurred or entered into, nor defeat the rights of any person'or persons, company or corporation,” . . etc.
It is claimed by the commissioners that the canal company were under an obligation to keep these bridges in repair, and that under this proviso they are not absolved from that duty, and, therefore, that the obligation to repair still remains.
It is true that by their charter the company was so bound; but to whom were they bound ? The bridges were parts of public highways, and under the canal charter the duty to repair them was a duty owing to the public or the state, and not to any “ person or persons, company or corporation.” *22 The state gave the company the right to build a canal, coupled with a condition requiring the bridges to be maintained, and in the complete observance of this condition and the duties arising from it, no one.but the public was interested. Certainly no private person, certainly no company or corporation, could compel the canal authorities to do their duty in respect to the bridges. The state or public was the sole repository of that power, as to it alone was the duty owing.
When the state, by its legislature, allowed the company to abandon or surrender a portion of its rights, it not only waived forfeitures, but also released from other duties owing to itself alone, and thereby discharged the canal company from further obligation to repair.
The canal company may have leased water-power, or granted other rights to private parties. To protect these is the purpose of the proviso. Indeed, legislation could not have interfered with them,‘except upon compensation made, and it is to this class of interests that the language of the act applies.
Upon the second point, we are of opinion that by the proviso in the statute the duty to repair is not continued, and that the commissioners have no right of action.
The judgment.of the Common Pleas will therefore be reversed, and judgment entered for defendants.
Scott, Chief Judge, Whitman and Johnson, JJ., concurred ; Day, J., not sitting.