GEORGE W. WISE v. THE OTTER CREEK LUMBER
COMPANY.

*Jury—Impaneling—Challenge to array.*

1. How. Stat. §§ 7567, 7575, obviously intend—

    a—That a jury shall be obtained from the whole body of the county.

    b—That the names of those first placed in the boxes shall be exhausted before returning to the boxes the names of those previously drawn.

    The first of these requirements is as important as the second, but it was held in *People v. Coffman,* 59 Mich. 1, that the failure of a township to return a list of jurors is not a good ground for challenge even in a criminal case.[1]

2. Where in drawing a jury the names returned from a township are exhausted, the clerk should draw the jury for a second term during the same year from the remaining townships; but his failure so to do is not good ground for challenge to the array, as the rights of litigants can be fully protected by challenging the twice-drawn jurors on the ground that they have served as jurors within the previous year. How. Stat. § 7584.

Error to Benzie. (Aldrich, J.) Argued April 23, 1891. Decided May 8, 1891.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*F. W. Cook,* for appellant.

*Covell & Russell* (*Pratt & Davis,* of counsel), for plaintiff.

GRANT, J. This case was tried before the court with a jury, verdict and judgment rendered for plaintiff, and defendant appeals.

---

[1] See *Atkinson v. Morse,* 63 Mich. 276; *People v. Coughlin,* 67 Id. 466; *Hewitt v. Circuit Judge,* 71 Id. 287; *Robinson v. Mulder,* 81 Id. 75,—for a further discussion of this question.

The sole question arises upon a challenge to the array of the panel of jurors. The sole objection to the panel is—

"That the county clerk in drawing jurors for the August term, 1889, exhausted the names returned from the town of Lake (which had only two in the first place), but that sufficient names remained, returned from the remaining eleven towns, to form the jury for the January term, 1890; that in drawing the jury for the January term, 1890, the clerk, instead of omitting to draw any names returned from the town of Lake, and drawing the full twenty-four from the other towns, drew the two again from Lake township, in the same manner as he had for the August term, 1889, and that the two persons so drawn from the town of Lake were summoned as part of the panel for such January term, the term at which this case was tried, and that this jury was made up from this list so drawn."

The statute obviously intends—

1. That a jury shall be obtained from the whole body of the county.

2. That the names of those first placed in the boxes shall be exhausted before returning to the boxes the names of those previously drawn. How. Stat. §§ 7567, 7575.

The first of these requirements is certainly as important as the second, but this Court has decided that the failure of a township to return a list of jurors is not a good ground for challenge, even in a criminal case. *People v. Coffman*, 59 Mich. 1. We think the clerk should have drawn the jury from the 11 remaining townships. But we do not think this vitiated the panel. The statute contemplates that jurors may be drawn twice the same year. How. Stat. § 7575. The two jurors from the township of Lake were competent jurors. Should either party desire, he might challenge them on the ground that they had served as jurors within one year previous. How. Stat. § 7584. This, in our judgment, gives ample

protection to parties litigant, both in civil and criminal cases. The jury drawn in this case was chosen of the 22 drawn from the other townships. We see no possible way by which the rights of the defendant were or could be prejudiced.

Judgment affirmed, with costs.

The other Justices concurred.