(Police Court of Columbus.)
August, 1900.

## THE STATE OF OHIO v. JESSIE D. VORIS.

(1). An act of the general assembly that extends the jurisdiction of the police court to hear and finally determine all misdemeanors committed within the limits of the county in which the court is situate, which is not enacted by a two-thirds vote of the members of each house of the general assembly, is unconstitutional and void.

(2). An act of the general assembly that gives jurisdiction to the police court to hear and finally determine all misdemeanors committed within the limits of the county in which such court is situate, and which excludes, in cases where imprisonment is a part of the penalty, from jury service the citizens in that part of the county over which the jurisdiction is extended, is in contravention of the constitutional right of a fair and impartial right of trial by jury of the county or district in which the offense is alleged to have been committed.

---

EARNHART, J.

Section 1788 of the Revised Statutes as amended in 1896, provides that in counties where there is a city of the first grade and second class (Columbus) the police court shall have jurisdiction to hear and finally determine all misdemeanors committed within the county.

Article 4, section 1, of the constitution of the state provides the judicial power of the state shall be vested "in a supreme court—and such other inferior courts as the general assembly may from time to time establish."

Section 15, of article 4, provides for the establishment of such inferior courts "when two-thirds of the members of the general assembly elected to each house concur therein."

The granting of or creating of jurisdiction to the police court of the city of Columbus, Ohio, over the entire county of Franklin is the establishment of a new inferior court over and for the territory of the county not embraced within the city limits.

An inspection of the journals discloses that but twenty-two members of the senate and fifty-eight members of the house voted for the creation or establishment of this inferior court over the county, and as the act thus received the concurrence of less than two-thirds of the members elected to each house, the purported act is in violation of section 15, article 4, and therefore invalid.

The municipal code of 1869, 66 O. L., 176, section 167, provides that the police court shall have jurisdiction of any misdemeanor committed within four miles of the city limits. This section of the municipal code was sought to be amended by the act of March 30th, 1876, making the jurisdiction co-extensive with the county.

If section 1788, as amended upon March 30, 1876, is invalid, is the original section containing the act of 1869, still in force?

The act of March 30, 1896, O. L., 92, page 97, contains a number of sections relating to the powers of the police court; the proceedings when prisoners are arraigned; recognizances; duties of sheriffs and fees of police.

Section 7 of the act provides: "That said original sections 1788, 7147, 7161, 1804, of the Revised Statutes be, and they are hereby repealed."

It cannot be said the whole of the act of March 30, 1896, is void, for the subjects there by various sections legislated upon except that of section 1788 require but a majority vote of the general assembly, and so were constitutionally enacted. It is true, section 1788 is expressly repealed. It is also true that it does not require a two-thirds vote of the general assembly to repeal an act requiring the two-thirds vote by the constitution for its enactment. State of Ohio v. Flinn, 7 Ohio St., 333-6.

But the weight of authority is where an act repeals another act and provides a substitute for the original act, that if the substitute or amended act is invalid, the repealing section also fails. State ex rel. v. Smith 48 Ohio St., 21; Whitney v. Gill, 15 C. C., 648; Sutherland on Statutory Interpretation, section 175-6.

It follow that the act of 1869 extending the limits of final jurisdiction to within four miles of the city limits, is valid unless it conflicts with some other constitutional provision.

(2). There are eighteen populous townships outside of the corporate limits of the city of Columbus, within the county of Franklin, and some of these townships containing large and prosperous villages.

The act of the general assembly pro-

viding the police court shall hear and finally, determine all misdemeanors committed within the limits of the county where any such court is situate makes no provision for a trial by jury in these cases where imprisonment is a part of the punishment or penalty, and the only jury that can be demanded is one of the citizens of the city where such court is situate, and under rules and regulations provided by the judge and councilmen of such city.

Article 1, section 10, of the constitution provides the accused shall have a "speedy trial by an impartial jury of the county or district in which the offense is alleged to have been committed."

The citizens of these villages and eighteen townships lying outside of the corporate limits of Columbus have no right, or voice in the selection of court or jury, and are excluded from jury service, even although the alleged offense was committed in their vicinity, and without the corporate limits.

The principal part of the county of Franklin is thus in fact made a colonial possession of the city of Columbus, and the citizens of the county outside the city limits can be arrested, tried, convicted, and imprisoned by a court they did not aid to select and by a jury from which they are excluded.

If there was any more radical use or abuse or usurpation of power prior to 1776 by the English government over the colonies, we are not informed as to its nature.

"The constitution obviously intends the jury shall be drawn from the whole body of the county, or from the whole body of the district affected by the law and not to exclude a part." 86 Mich., 40; 71 Mich., 287.

We do not believe in the extending of jurisdiction to tribunals in which the inhabitants can only appear as culprits.

In the case decided in the 39 Iowa, 631, the court held while the sheriff was required to select jurors from the body of the county, "if he summoned from the people of the county at large taking them from as many townships as was reasonably practicable, this was a substantial compliance."

This makes the converse of this proposition the law; if the sheriff refuses to select the jury from the county at large or as many townships as was reasonably practicable, his acts would be illegal. Moriarty v. Boone County, 39 Iowa, 631.

"The general assembly cannot give power to a court outside its district to hear and finally determine the guilt or innocence of the accused, and exclude from the jury his neighbors, so he has not the benefit of his own good character and standing." Olive v. The State, 11 Neb., 1.

"The legislature cannot direct the selection of a jury from a part of the county to the exclusion of the rest." Hartshorne v. Patton, 2 Dall. (Pa.), 252; Shaffer v. The State, 1 How. (Miss.), 238; People v. Coughlin, 67 Mich., 466.

"The right to a trial by jury cannot be abridged." 46 Ohio St., 28.

"Nor can the general assembly impair the right or materially vary its character. Work v. The State, 2 Ohio St., 297.

"The complete exclusion of the inhabitants over which jurisdiction is extended is not a jury at common law, nor as contemplated by the constitution." 3 Black. Com., 352-5.

This act in controversy is illegal because it "assumes to confer the power of police regulation, of judicial jurisdiction, over a number of outlying suburban incorporated villages." State v. Cincinnati, 20 Ohio St., 37.

"The law of England prior to the war of the revolution was satisfied if the jury was returned from any part of the county, but by decisions of several states and by constitutional enactments the jury is required 'of the county or district.'"

This excludes the old practice of the British government. This constitutional inhibition prevents the selection of a jury except co-extensive with the county or district over which the jurisdiction extends.

"The jury must be selected from the vicinity where the crime is committed." Cooley on Con. Lim., 391.

The selection of a jury from one part of the county and the exclusion of the remaining part of the county over which jurisdiction is extended is destructive of a valuable right of freemen. White v. Com., 6 Benn (Pa. St.), 179; Wise v. Otter Creek L. Co., 86 Mich., 40; State v. Cincinnati, 20 Ohio St., 18; 41 N. H., 550.

The cases in Ohio that appear inconsistent with this view are ex parte Hagenschneider, 7 Nisi Prius Reports, 313, and Fletcher v. State, 18 O. C., 674.

The first case does not consider the question of final jurisdiction, but of original jurisdiction, the right to hear at all, and bind over to a court of final jurisdiction; and in the Fletcher case the only question decided is that the police court may proceed to final judgment in cases where the accused is not entitled to a trial by jury.

There is nothing inconsistent in the decisions herein nor as found in the 50 Ohio St., 284-7 and 7 Ohio St., 383, as an investigation will disclose.

The evidence discloses the offense charged, petit larceny, was committed outside of the corporate limits of the city of Columbus and that the accused,

was committed to this court by an examining magistrate.

The prisoner will be remanded to the magistrate for proper proceedings, recognizing the prisoner to the common pleas court upon bond, or committing him upon default of bail to answer to that court.