Day, J.
Plaintiff’s action is to enjoin the drilling and operating at» oil or gas well on the premises immediately adjoining and in ’ close proximity to plaintiff’s dwelling house and out building, fruit trees and so forth, on lot 7,905 in Swing’s addition to the city of Findlay, on the grounds that such drilling and operating in close proximity is dangerous to the lives and health of dwellers on said lot 7,905, and will practically destroy said property, and is also unlawful, and a nuisance per se.
Defendant’s answer admits the fact that he is proposing to drill a well on an adjoining lot to plaintiff’s in close proximity to the dwelling, barn and fruit trees, and that he will so drill and operate an oil or gas well unless prevented, but he denies that such operations are a nuisance, dangerous to life and health,, or are unlawful; and, says the ordinance prohibiting such drilling *528 within two hundred feet of a dwelling house in the city of Find-Jay is invalid because not properly passed. This is denied by a reply.
There is practically no disagreement as to the substantial facts of the case, but rather as to the legal effect of the undisputed facts. Do the facts show such situation and conditions as under the well known rules of the law entitle plaintiff to ■relief by injunction? The parties do not differ as to the law in such matters. Under the law every person is entitled to have and enjoy his property in peace and security, and to that end an owner may prosecute and carry on upon his premises, such legitimate business as he choses; but in doing this, regard must he had to the similar rights of an adjoining owner or proprietor, and neither can he allowed to so use and enjoy his property as to greatly impair or entirely destroy the reasonable and proper •use and enjoyment of the other. They must be mutually good ■citizens and have proper regard for the rights of each other. For little transgressions — small trespasses and slight deflection from the line of good citizenship, the law affords an adequate remedy; but for the larger sins of commission — for continuous trespassing and injury, for wrong acts and conduct threatened, resulting in great or irreparable injury not susceptible of being accurately measured or adequately compensated in damages, it is proper to invoke the great remedy of injunction. i
Defendant practically concedes that what he is proposing is ■not quite right — is a deflection from a correct line, and suggests that it is one of the smaller and less serious kind, resulting only in such injury' as the law affords an adequate remedy for. In such view the whole question becomes one as to the character, size or degree of wrong proposed by defendant. Is it just a little one, for which a small sum of money will compensate, or is it a robust, man’s size, full grown, one, requiring for its management and control, the interposition of a court of equity with its extraordinary remedy of injunction?
A consideration of the undisputed facts will determine the •question. Defendant proposes and will, if permitted to, put an engine and boiler within a few feet of plaintiff’s dwelling to place a derrick and make an oil or gas well within twenty-five feet of plaintiff’s barn and within a hundred feet of her dwell *529 ing, and if oil is obtained it will be treated and operated as oil wells usually are. That is to say; a quantity of nitro glycerine will be exploded in it, and it will be operated as operating is found to be profitable, for at least a term of years. Connected with this operation so near the dwelling place of a family there is extra danger of life and health and property; annoying and disagreeable things are constantly present all the time, every day in the week, including the first, commonly called Sunday; there are present noises and jarring and dangers real and apprehended, making residence there Impleasant if not impossible and seriously depreciating the value of the property, and over, through and in it all, and pervading and intensifying all, is ever present the odor of the product, which odor the court takes notice is annoying, disagreeable and unpleasant to everything that lives, except its producer and owner. An oil well is probably a good thing in its proper place, but it is not believed that its greatness, excellence and most beneficial uses are made most clearly manifest by being located too close to the family dining and sleeping rooms. Distance we believe, in this case, as in most others, lends enchantment to the view. But seriously, the evidence in this case shows very clearly that the drilliñg and operating of an oil well in close proximity to a dwelling is both dangerous and annoying, practically destroying the use of the property for residence purposes so long as the well is operated. The injury will be a continuous one, and an action at law for damages is not a complete and adequate remedy.
Wm. E. Duncan, for Plaintiff in Error.
Bitler & D wig gins, for Defendant in Error.
We are of opinion the ordinance “to prevent the drilling of gas or oil wells within'certain distance (200 feet) of any dwelling” was properly passed and is valid and supplies an additional reason why defendant should not be allowed to make the proposed well. The drilling of the well at the proposed location is unlawful.
We find for the plaintiff on her petition, and allow a perpetual injunction as in the petition prayed for. Costs to defendant.
Judgment for costs, execution awarded, and remanded for execution.

. F. Duncan, for Plaintiff in Error:
The ordinance of the city of Findlay prohibiting the drilling of oil or gas wells within 200 feet of any dwelling house without having first obtained the consent of the owners thereof in writing is not authorized by statute, and unconstitutional, and the same was never passed as required by Sec. 1694, R. S. (1.) An attempt at suspension of the rules required by this section for the reading of the ordinance on three different days, was made, and the motion providing for the same, provided: “That the statutory rules be suspended to enable the ordinance to pass to a second and third reading and be placed upon its final passage,” which motion was carried, but the record of the proceedings of the council shows that the ordinance was only read once before the motion was made, and once afterwards, and then placed upon its final passage and adopted. While it has been held that a motion to suspend the rules requiring an ordinance to be read on three different days may be suspended, and that the same suspends the reading of the ordinance three different times as well, that was not the motion in this case, but the motion itself provided that the ordinance should be read not only the second, but the third time, before the same was to be placed upon its final passage. The record does not show that the ordinance was read three times. The ordinance never reached its third reading and was prematurely passed, and the provisions of -the section being mandatory, the ordinance never passed and is null and void. Bloom v. Xenia, 32 Ohio St., 461; Campbell v. Cincinnati, 49 Ohio St., 463.
(2.) The council had no power or authority to pass this ordinance. The power under which municipal corporations may act in respect to-nuisances is couched in par. 3 sec, 1692, R. S., which provides that in addition to other powers granted by the same title, the council may have power “to prevent injury or annoyance from anything dangerous, offensive or unwholesome, and to cause any nuisace to be abated.” Contended that under this provision, and there is no other, the city council cannot make a nuisance out of something that is not a nuisance. Evansville v. Miller, 146 Ind., 613.
The council of a city in the passage of ordinances can only act in respect to public nuisances, and cannot interfere for the purpose of protecting private rights. This is exactly what this ordinance seeks to do. It operates only within 200 feet of any dwelling house, a very limited' portion of the public, and it not only provides that no person shall drill an oil or gas well within 200 feet of a dwelling house, but allows the same if the owner gives his consent thereto in writing. It puts it in the hands of the individual to say whether a nuisance exists or an offense has been committed, all of which is contrary to public policy. Whitcomb v. Springfield, 3 O. C. C., 244.
The state legislature cannot delegate to a city the legislative function to make laws that will be binding upon citizens, between themselves in civil proceedings. Saunders v. Southern Elec. Ry. Co., 48 S. W. Rep., 855.
It is a delegation of power by the city council of Findlay to the owners of the dwelling houses within the 200 feet limit for them to-arbitrarily say whether a certain person may drill an oil or gas well within that radius, nuisance or no nuisance, and whether they reside in the locality or not. As a delegation of power the ordinance is against *531 public policy and voi Dillon Mun. Corp, Sec. 96; State v. Bell, 34 Ohio St., 194; St. Louis v. Russel, 116 Mo., 248; 20 L. R. A., 721.
(3.) This ordinance violates section 2 of the Bill of Rights, which provides that “government is instituted for their (the people) equal protection and benefit.” The ordinance discriminates as between people and tends to monopoly. The inhibition is against the person and not against the oil or gas well. One person may lawfully drill within the prescribed limit, another may not, and the prohibition may depend upon the “persona gratia” of the operator. St. Louis v. Russel, 116 Mo., 248; Cooley’s Const. Lien, 6th Ed., 137; Tugman v. Chicago, 78 Ill., 409; Re Quong Woo, 13 Fed. Rep., 229; Bartlett v. New Orleans, 24 Fed. Rep., 564; State v. Mohner; 43 La. Ann., 496; Newton v. Belger, 143 Mass., 598 ;Richmond v. Dudley, 129 Ind., 112; Yick Wo v. Hopkins, 118 U. S., 356.
(4.) Contended that an injunction will not lie to enforce a municipal ordinance. The power vested in corporations to enforce their own ordinances cannot be supplemented by .recourse to the courts of the state for provisional remedies. If an injunction will be granted it will not be because the act complained of or threatened is, or would be, an offense against some ordinance of the municipality, but because it is a nuisance per se, an act in regard to which the remedy of injunction would lie in the absence of any ordinance prohibiting it. In such case an injunction might be granted at the instance of the corporation, but the right would not be influenced by its ordinances. Horr & Bemis, Mun. Pol. Ord., 186; High on Inj. 2nd Ed., Sec., 1248.
II. The drilling and operating of oil wells is a lawful and profitable business and the leading industry of this county and is not a nuisance per se. If a nuisance in any case, it is because of the manner in which operations are carried on. This being so, a different rule obtains than where the act threatened is a nuisance in itself. When the injury complained of is not, per se, a nuisance, but may or may not be so, according to circumstances, and when it is uncertain, indefinite or contingent, or productive of only possible injury, equity will not interfere. I” High on Inj. 2nd Ed., Sec., 742; Dusmesnil v. Dupont, 68 Am. Dec., 750 (Ky.) Pfingst v. Senn, et al., 94 Ky., 556.
The plaintiff here must show, that the injury of which she fears must naturally and necessarily happen in the drilling of an oil well on the adjoining lot, not that they might occur. The defendant with the same assurance might claim that the proposed well will produce nothing but odorless oil.
The injury must be such as is not susceptible of adequate, pecuniary compensation in damages, and a strong case of imperative necessity must appear. Dámages must be inadequate to redress the injury, and the petition must state facts showing injury irreparable. I High on Injunctions, secs. 739, 740; Van Wert v. Webster, et al., 31 Ohio St., 420; Goodall v. Crofton, 33 Ohio St., 271; I High on Injunctions, sec. 789; Dana v. Valentine, 5 Met. 8 (46 Mass.); McCord & Hunt v. Iker, 12 Ohio, 387; Goodall v. Crofton, 33 Ohio St., 271.
A nuisance must operate against the person and not alone against his property, for which an injunction will lie, to prevent a threatened injury. McCord & Hunt v. Iker, 12 Ohio 387, (390); McClung v. Coal Co., 9 O. C. C., 259, (par. 3, syl.); Letts v. Kessler 54 Ohio St., at p. 80; Goodall v. Crofton, 33 Ohio St., p. 275; I High on Injunctions S., 789.
*532 The right of the owner to drill on his property is absolute. Culver v. Ragan, 15th O. C. C., 228; Letts v. Kessler, 54 Ohio St., 73; Kelley v. The Ohio Oil Co., 57 Ohio St., 317.
A party has the right to make a lawful use of his own property, and if in so doing he necessarily does some injury to his neighbor which can in any event be compensated in damages, the court will not restrain.
John Sheridan, for Defendant in Error: Where it is apparent that the act complained of is likely to result in irreparable injury to complainant, and the balance of inconvenience preponderates in his' favor, the injunction will be granted. 1 High on Injunctions, 13, 758.
The injury must be such as is not susceptible of adequate pecuniary compensation in damages, or one the continuance of which would cause a constantly recurring grievance. I High on Injunctions, 739, 741, 774; Stines v. Dorman, 25 Ohio St., 583; McCord v. Iker, 12 Ohio, 387
If plaintiff’s right is clear and the injury is manifest and of a constantly recurring nature, the relief may be granted without requiring the fact of injury to be determined by an action at law. Barkan v. Knecht, 10 B., 342; 1 High on Injunctions 741, 791.
The very fact that a right has been violated, and this violation is constantly going on, and that a court of law cannot compensate the injury or stop the wrong, furnishes the best possible reason for the interference of a court of equity. 10Am. & Eng. Ency. of Law, 887; 1 High on Injunctions, sec. 781; People’s Gas Co. v. Tyner, 131 Ind., 277; 1 High on Injunctions, secs. 772, 773, 775, 777; 10 Am. & Eng. Ency. of Law, 833:
A man may prosecute such business as he chooses upon his premises, but he cannot erect a nuisance to the annoyance of the adjoining proprietor, even for the purpose of lawful trade. Tiffin v. McCormick, 34 Ohio St., 644.
The ordinance comes within police purposes and is not unconstitutional. Sessions v. Crunkilton, 20 Ohio St., 349; State v. Nelson, 52 Ohio St., 88.
A statute (an ordinance) will not be declared unconstitutional in case of doubt, but will be sustained unless clearly so. McCormick v. Alexander, 2 Ohio, 65; Cincinnati W. & Z. v. Clinton Co., 1 Ohio St., 77; Lehman v. McBride, 15 Ohio St., 573; State v. Cincinnati, 20 Ohio St., 18; Walker v. Cincinnati, 21 Ohio St., 14; West. U. Tel. Co. v. Mayer, 28 Ohio St., 521; Kendle v. State, 52 Ohio St.; 16 Ohio St., 347; Ireland v. Palestine, 19 Ohio St., 369; State v. Price, 8 C. C., 25.
The statute gives the city the power to pass such an ordinance, which is a police regulation: 1. To guard against injuries by fire. R. S., 1692-17. -2. To protect the property of the inhabitants. R. S., 1692-1. 3. To prevent injury or annoyance from anything dangerous or unwholesome or offensive, and to cause the nuisance to be abated. R. S., 1692-3. 4. To determine what shall be a nuisance. R. S.> 1692 f-l.
The fact that the act threatened might be punished criminally as a nuisance, will not prevent the exercise of the restraining power of equity. I High on Injunctions, sec. 752; People’s Gas Co. v. Tyner, 131 Ind., 277.
It is no defense to say that similar nuisances are maintained in the vicinitv by other persons. 1 High on Injunctions, sec. 777; 16 Am. & Eng. Ency. of Law, 925.
*533 -The plaintiff as a private person may seek the aid of equity to restrain a public nuisance, when he shows some special injury peculiar to himself, aside from and independent of the injury to the public, x High on Injunction, sec. 762; Elt v. Snyder, 6 Rec., 415.
The record of the council shows that the ordinance was passed properly under a suspension of the rules by three-fourths vote of the council, and read three times as provided by sec. 1694, R. S. Where no entry in the journal appeared, it was presmued that the bill was read as provided for. 23 Am. & Eng. Ency. of Law, 167, note; Schuyler v. People, 25 Ill., 181.