Davis, J.
These cases present two questions relating to “An act to supplement section 2835 of the Revised Statutes of Ohio,” passed April 14, 1900 (94 0». L., 175). First, that the act was not constitutionally enacted. For the purposes of this case we will assume that the act was lawfully passed. Second, that this act is in conflict with article 2, section 26, and article 13, sections 1 and 6, of the constitution of Ohio. Perhaps the counsel who have raised this point deem it a self-evident proposition. At least we have not been furnished with any argument in its support, although it has been strongly combated by counsel for the. city.
We will not undertake to reconcile all of the reported decisions of this court concerning those provisions of the constitution which are here involved. While as to the general principles of interpretation there is a tolerably clear consensus, a consistent thread of agreement, yet so contradictory and artificial are the conclusions resulting in specific cases, that it would be impossible to harmonize them; and it must be admitted that occasionally the court has seemed to yield to considerations of expediency rather than to firmly apply the unambiguous and explicit provisions of the constitution. Recognizing the importance of the conclusion which we have reached in these cases, we briefly restate some of the principles of constitutional interpretation on which all of the reported cases in this state seem essentially to agree.
The constitution must be construed in the light of the popular and received signification of its words. Because it emanates from the people it must be construed as the people must have understood it. The terms “general” and “special” must therefore be understood and applied in their ordinary and non *78 technical sense. They are antonyms. “General” is defined in Webster’s International Dictionary as follows : “4. Common to many, or the greatest number; widely spread; prevalent; extensive though not universal.” The same eminent authority defines “special” thus: “2. Particular; peculiar; different from others; * * * 3. * * * Designed for a particular purpose, occasion or person. 4. Limited in range;confined to a definite field of action. * * It would seem to be clear, therefore, that a special ■act, as opposed to an act of a general nature, is one that is local and temporary in its operation (State v. Hoffman, 35 Ohio St., 435, 443); and while the various provisions of the constitution seem to contemplate general laws as the rule, rather than special ones, yet there is nothing in the constitution of Ohio which prohibits legislation on a subject which would be otherwise general, when such legislation is designed to meet a temporary emergency in a particular locality or in regard to a particular person, provided that such legislation does not confer corporate powers. For while it must be conceded that the tenor of the whole constitution seems to forbid special legislation under most conditions, it cannot be successfully maintained that it is absolutely prohibited under all circumstances. It would have been unwise to have left the general assembly powerless to act in unforeseen exigencies. Hence, while it is provided that all laws of a general nature shall have a uniform operation throughout the state, if it had been intended to prohibit absolutely all special legislation, it would have better expressed that intent to have said that all laws shall have a uniform operation throughout the state; and instead of providing that the general assembly shall pass no special act conferring corporate power, *79 it would have been said that the general assembly shall pass no special laws. The inclusion of the qualifying words must be presumed to have been deliberate and intentional. But the local and temporary emergency must be a real exigency, and not a mere* pretext for special legislation. In all other cases the exercise of legislative power must be by general laws (in some cases it is expressly so provided); and laws of a general nature are required by the constitution (Art. 2, Sec. 26) to have a uniform operation throughout the state. Not only must such laws operate throughout the state, but they must operate uniformly, that is, there must be no exemptions as to indivi duals of the same class. A general law must, therefore, in its operation be co-extensive with the state and co-extensive with every class brought within the purview of the statute; but this section does not imply that a law of a general nature must necessarily affect every individual in the state, or every small subdivision of territory within the state.
The counsel who represent the mayor of the city of Toledo, plaintiff in error in the one case, and the bridge commissioners, the mayor and the city of Toledo, defendants in error in the other case, expressly concede: 1. That the act in question is one conferring corporate power, and 2. That it is a law of a general nature. This conclusion was inevitable in view of previous decisions by this court and the fact that the subject matter of the act is already the subject of general legislation. If then this act of the general assembly is a special act, it is in conflict with article 13, section 1 of the constitution, because it confessedly confers corporate powers; for, in the purview of the constitution, there is no distinction *80 between private and municipal corporations. State v. Cincinnati, 20 Ohio St., 18. If it be an act of a general nature it must operate uniformly throughout' the state, exempting no individual of the class named. If it cannot by its very terms be construed as having such operation throughout the state it is in conflict with article 2, section 26 of the constitution.
The act provides as follows: “That any city of the third grade of the first class, may, subject to the provisions herein contained, construct, reconstruct, enlarge or repair a bridge or bridges, across any navigable river or rivers, passing into or through any such city,” etc. It is obvious that this does not apply to all cities of the third grade of the first class, now existing or which may hereafter become such, but distinctly applies to any city of the third grade of the first class, which has a navigable river or rivers passing into or through such city. This applies to Toledo, and the court is not informed that there is one other city of the third grade of the first class in Ohio, which comes within the words of the statute or is likely ever to do so. The exercise of the powers.conferred by the statute is, therefore, localized in Toledo,, and it matters not whether the subject matter of the act is of a special or general nature, for inasmuch as it is special in its application to the municipal corporation of Toledo and confers corporate powers, it is unconstitutional and void.
The same conclusion must be reached if we follow up the suggestion of counsel that while this is a law the subject matter of which is of a general nature, yet that it is not in conflict' with Art. 2, Sec. 26 of the constitution, “simply because it is limited to certain municipalities of the state.” This law is not limited to certain municipalities, or a certain class of munic *81 ipalities, but to one certain municipality. The constitution requires uniformity of operation throughout the state, upon the class named. This statute, instead of operating uniformly ip all cities of the third grade of the first class, is limited to a city of that description having a navigable river passing through it. There is not so much as a hint in it of any such local or temporary emergency as would justify and require local legislation on a subject otherwise of general nature. But counsel put forward the language of the circuit court as an argument as follows: “The question remains as to whether the subject matter is appropriate to municipal control, and therefore proper to be brought under such classification of municipalities.” We disclaim any intention of discussing here the much mooted doctrine of classification of municipal corporations; but answering this suggestion without denying or conceding the power of classification in general, if exercised at all it must be by general laws, and can never be done by special acts, such as the one under consideration. (Const., Art. 13, Secs, land 6.)
This act attempts to create a distinct class, viz.: cities of the third grade of the first class having navigable rivers passing into or through them, an exceedingly artificial and a sham classification; and however ingenious the reasoning, it cannot be made to appear to be other than special legislation. The powers and privileges conferred, and which are conceded to be of a general nature, are conferred upon the smallest number of a particular grade of a particular class; and even if there were within the state two or three cities answering to the description, it would still be special legislation, as much so as if the act *82 were limited by name, for example, to Toledo, Marietta and Portsmouth.
The judgments of the circuit court and of the court of common pleas in both cases are

Reversed.

Spear, Shauck and Price, JJ., concur.